**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In the Matter of Attorneys Suspended or Disbarred by the State Bar of California,<br><br>(Wade Anthony Robertson, Cal. Bar #217899) | Case No.: 17mc1616<br><br>**ORDER OF SUSPENSION**<br><br>**[ECF Nos. 19, 20, 22]** |

On November 17, 2017, the Court ordered Attorney Wade Anthony Robertson to show cause why he should not be suspended or disbarred from practice in this Court. On December 5, 2017, the Court suspended Robertson's membership in the bar of this Court pending resolution of these proceedings or until he is reinstated as an active member in good standing of the State Bar of California. The Court also granted Robertson's motion to extend time to respond to the Court's order to show cause until January 22, 2018.

On January 22 and 23, 2018, Robertson filed a response to the Court's order to show cause, a declaration, and an "appendix of record."

On February 7, 2018, Robertson filed a motion to stay or abate further proceedings in the Southern District of California pending a decision by the Ninth Circuit Court of Appeals in "a related disciplinary case involving the same subject

matter." (ECF No. 20.) That motion is **DENIED** as moot as the Ninth Circuit ruled on May 18, 2018.

After a full hearing before the California State Bar, Robertson was placed on involuntary inactive status and is ineligible to practice law in California. That order became final when the California Supreme Court denied Robertson's Petition For Review on March 1, 2017. On December 12, 2016, the Court of Appeals for the Ninth Circuit ordered Robinson to show cause why he should not be reciprocally disciplined in the Ninth Circuit on the basis of his involuntary inactive status in the California Bar. See Ninth Circuit No. 16-80177. Robertson objected raising many of the same arguments he raises here in this Court. The Ninth Circuit referred the proceeding to Appellate Commissioner Peter L. Shaw who held a hearing and issued a 39-page detailed and well-reasoned Report and Recommendation that Robertson should be disbarred from practicing before the Ninth Circuit. A panel of the Ninth Circuit adopted the Report and Recommendation on May 18, 2018.

In response to an order to show cause why an order of suspension or disbarment should not be imposed by this Court, an attorney who has been suspended or disbarred by the California Bar and opposes the imposition of reciprocal discipline may set forth facts establishing one or more of the following:

(i) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(ii) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusion(s) on that subject;

(iii) imposition of like discipline would result in a grave injustice;or

(iv) other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s).

//

CivLR 83.5.d.  Robertson has raised numerous arguments why these circumstances apply.  But the Ninth Circuit rejected most of these arguments and the rest, having been considered by this Court, are without merit.  Thus, Robertson is not an active member of the California Bar, which is a requirement for practice before this Court.  CivLR 83.3(c)(1)(a).

The order of suspension was reviewed and upheld by the California Bar's Review Department, the California Supreme Court, and the Ninth Circuit.  Robertson has not met his burden of showing that there are grounds for not accepting the suspension order of the California Bar.

The Court **DENIES** Robertson's Amended Motion to stay this case (ECF No. 22).  Robertson bases his motion for a stay on the pending Ninth Circuit appeal ( No.18-16304) from a Northern District of California case that denied his request for injunctive relief as to the California disciplinary order.  The Court sees no reason to stay the ruling on this case, especially given the ruling of the Ninth Circuit in 16-80177.  Even if a stay were granted, Robertson would remain suspended, as he is now, during the stay.  Thus, there is no prejudice in denying the stay.  If the Ninth Circuit in 18-6304 issues any holding that the California Bar order of involuntary inactive status can no longer be relied upon, then Robertson can reopen these proceedings.

Robertson remains suspended from membership in the bar of this Court.  Robertson's motion for an extension of time to deliver courtesy copies of e-file documents to chambers is **DENIED** as moot (ECF No. 19).

**IT IS SO ORDERED.**

Dated:  June 26, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge